# DISTRICT COURT OF THE UNITED STATES
# DISTRICT OF PUERTO RICO
# ARTICLE III

VERIFIED COMPLAINT JURY TRIAL DEMANDED

Warinu Kapa
Maipuri Arauan Nation
1813 8th Street
St Thomas, VI  00802-2678

CASE NO

21-cv-1299(GAG)

**PLAINTIFF**

V

RECEIPT # PRMDJM7402
AMOUNT: $402.00

JUN 22 2021

CASHIER'S SIGNATURE

ALICIA CHEMONT, POLICE OFFICER
Alexander Farrelly Criminal Justice Complex
Charlotte Amalie St. Thomas, USVI 00802

AARON KRIGGER, POLICE OFFICER
Alexander Farrelly Criminal Justice Complex
Charlotte Amalie St. Thomas, USVI 00802

TREVOR A. VELINOR, USVI POLICE COMMISSIONER
Alexander Farrelly Criminal Justice Complex
Charlotte Amalie St. Thomas, USVI 00802

VIRGIN ISLANDS POLICE DEPARTMENT
Alexander Farrelly Criminal Justice Complex
Charlotte Amalie St. Thomas, USVI 00802

ALBERT BRYAN, GOVENOR
VIRGIN ISLANDS OF THE UNITED STATES
UNITED STATES VIRGIN ISLANDS CORPORATION
1105 King Street
Christiansted, VI 00820

**DEFENDANTS ET AL**, *including those Defendants not yet named.*

2021 JUN 22 PM 2:08 RECEIVED AND FILED

1

WARINU KAPA TORT FOR DAMAGES

## VERIFIED COMPLAINT

## JURISDICTION

The VIRGIN ISLANDS OF THE UNITED STATES being a territorial state of the United States is under the jurisdiction of the United States of America. According to "48 U.S. Code § 1541", the VIRGIN ISLANDS OF THE UNITED STATES operates within United States federal guidelines and authority. Because the indigenous people, specifically the many Arawak descendant people were and are the natural inhabitants of the territory, the provisions and prescribed laws and rights of indigenous people and international treaty jurisdiction also is applicable to this Complaint; and, 48 U.S. Code § 1543 mandates United States citizenship requirement for government officials, all members of the Legislature of the Virgin Islands, the Governor, the Lieutenant Governor, all judges and all officials of the government of the Virgin Islands who report directly to the Governor shall be citizens of the United States, and multiple DEFENDANTS swore to and have adopted such position of said Citizenship mandate.

Therefore, jurisdiction herein is invoked inter alia, 28 USC 1331, 1333, 1337, 1251, 1253 and 1367(a), Constitution of the United States Article III 28 U.S. Code § 1332 - Diversity of citizenship; amount in controversy and 42 USC 1983, 1985, 1986, 1988; and 18 U.S.C. 1961 sections 1503, 1510, 1511, 1513 (retaliating against a victim) and 1546. Jurisdiction of this court for claims is authorized by F.R. Civ. P. 18(a), with matters arising under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966); jurisdiction of the Alien Tort Statute is invoked pursuant to Jus Cogens due to breach of a peremptory norm of international law, See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264–68 (1977). Cf. RECHTSCHAFFEN & GAUNA, supra note 75, at 49–53 (discussing racism as a cause of environmental justice problems) and where PLAINTIFF has protected status of Victim and is a member of a discrete and insular minority, United States v. Carolene Products Co., 304 U.S. 144, 153 n.4 (1938). See also Edward J. Erler, Equal Protection and Personal Rights: The Regime of the "Discrete and Insular Minority," 16 GA. L. REV. 407 (1982), See, e.g., Soc. and Econ. Rights Action Ctr. for Econ. and Soc. Rights v. Nigeria, Communication No. 155/96, African Commission on Human and Peoples' Rights (2001), at paras. 44–48 (explaining that Nigeria has an obligation to refrain from interfering with rights, to ensure that others respect rights, and to fulfill its obligations under human rights regimes to protect rights and freedoms).

WARINU KAPA TORT FOR DAMAGES

## STATEMENT OF THE PARTIES

**PLAINTIFF**, Warinu Kapa, is a natural indigenous inhabitant, whose ancestors existed in the so-called West Indian territory, within the "Greater and Lesser Antilles" ("Atabey") region prior to the occupation of the territory by Denmark and the United States government; and **PLAINTIFF** is a native born member of the Warijato Maipuri tribe of Arawak descent, and is an "OATH SWORN" enrolled citizen of the Maipuri Arauan Nation, a "Treaty Protectorate Nation" of the Maori Hapu Nation of New Zealand ("**PLAINTIFF**"); at all times relevant to this matter, **PLAINTIFF** has lived on the Isles of Ayeaye [Virgin Islands], the territory of Atabey (Caribbean Islands), the ancestral territories of the Arawak people; **PLAINTIFF** is a nonparty to the "Convention between the Government of the United States of America and the Government of the Kingdom of Denmark, Article 1.1", and **PLAINTIFF** is not a Resident of either the Virgin Islands nor the United States, and can receive POST (mail) C/O, P.O. Box XXXXX St Thomas, Virgin Islands.

**DEFENDANT, ALICIA CHEMONT (DEFENDANT CHEMONT), VIRGIN ISLAND POLICE OFFICER (VIPO)**, Badge # 1205 is sued in her Official and Individual capacity, is a citizen of the United States, and at all times relevant to these matters, operated as an employee of the United Staes Virgin Islands Police Department, located at Alexander Farrelly Criminal Justice Complex, Charlotte Amalie St. Thomas, USVI 00802

}

**DEFENDANT, AARON KRIGGER (DEFENDANT KRIGGER), (VIPO)**, Badge # 1058 is sued in his Official and Individual capacity, is a citizen of the United States, and at all times relevant to these matters, operated as an employee of the United Staes Virgin Islands Police Department, located at Alexander Farrelly Criminal Justice Complex, Charlotte Amalie St. Thomas, USVI 00802

**DEFENDANT, TREVOR A. VELINOR (DEFENDANT VELINOR), VIPO and USVI POLICE COMMISSIONER**, Badge # "REFUSED" is sued in his Official and Individual capacity, is a citizen of the United States, and has at all times relevant to these matters, operated as an employee of the United Staes Virgin Islands Police Department, located at Alexander Farrelly Criminal Justice Complex, Charlotte Amalie St. Thomas, USVI
**DEFENDANT, UNITED STATES VIRGIN ISLANDS POLICE DEPARTMENT (DEFENDANT USVIPD)** is the employer of **DEFENDANT CHEMONT, DEFENDANT**

3

WARINU KAPA TORT FOR DAMAGES

**KRIGGER and DEFENDANT VELINOR**, is a government agency of the United States and at all times relevant to these matters, operated as an employer of **DEFENDANT CHEMONT, DEFENDANT KRIGGER, DEFENDANT VELINOR and DEFENDANT USVIPD** had full responsibility of the training and supervision of **DEFENDANT VIPO'** actions, policy and insurance bonds, which were refused to **PLAINTIFF**, and **DEFENDANT USVIPD** was at all times responsible for all **VIPO(s)**, with administrative offices located at Alexander Farrelly Criminal Justice Complex, Charlotte Amalie St. Thomas, 00802

**DEFENDANT, ALBERT BRYAN** is sued in his Official and Individual capacity, is a citizen of the United States, and has at all times relevant to these matters, operated as the primary administrator, responsible for all government agencies and staff for the United States Virgin Islands government agencies, including **DEFENDANT CHEMONT, DEFENDANT KRIGGER, DEFENDANT VELINOR and DEFENDANT USVIPD**, and at all times relevant to this matter was the chief appointed administrator for the herein listed **DEFENDANT VIPO(s)** and is located at 1105 King Street Christiansted, VI 00820

**DEFENDANT, VIRGIN ISLANDS OF THE UNITED STATES** is a United States annexed government and creates and maintains government policy, laws for the citizens of the territory, as well as controls policy, and enforcement of policy for all inhabitants within the territory, this institution is maintained and supervised by **DEFENDANT BRYAN** and is located at 1105 King Street Christiansted, VI 00820.

## VIOLATIONS
## (DEFENDANT CHEMONT)

**PLAINTIFF** states as affirmative, that on May 15, 2020, at approximately 1:30 pm, **PLAINTIFF** Warinu Kapa ex rel Terrance A. Martin, III was traveling west bound on Veterans Drive. As **PLAINTIFF** passed the Alexander Farrelly Criminal Justice Complex, **PLAINTIFF'** motor bike hit a pile of rocks in the roadway casing the motor bike to skid and **PLAINTIFF** fell onto the road. **PLAINTIFF** immediately got up and pushed the bike onto the parking lot across from the Alexander Farrelly Criminal Justice Complex and parked it next to a light pole and began to walk to the near destination. As **PLAINTIFF** began jogging across the parking lot, someone yelled "Stop", and

**PLAINTIFF** continued across the parking lot. **PLAINTIFF** then heard police sirens and continued to jog towards the direction of tribal office. Approximately five minutes later, **PLAINTIFF** was converged upon by VIPOs and was searched and subsequently arrested and charged with possession of a firearm. After **PLAINTIFF** was released on BOND, **PLAINTIFF** gained access to the Fraudulent Arrest Affidavit filed by (**DEFENDANT CHEMONT**), which reflected the false and fraudulent information filed by (**DEFENDANT CHEMONT**), Badge # 1205.

**PLAINTIFF** brings claim against (**DEFENDANT CHEMONT**) for Violation of 42 U.S.C. 1983: Conspiracy, (2) malicious prosecution, (3) malicious abuse of process, (4) intimidation, (5) Conspiracy to commit kidnapping, (6) Intentional infliction of emotional distress, (7) forced oppression, (8) forced identity under threat of imprisonment, (9) Identity theft and prosecution under apartheid conditions, (10) unlawful arrest / false arrest, (11) illegal detention, (12) Official Oppression, (13) Making False Official Report, (14) Fraud to facilitate Kidnapping, (15) Perjury, (16) Aggravated Perjury, (17) Subornation of Perjury and (18) Aggravated Trespass.

**PLAINTIFF** declares, that at all times relevant herein, the conduct of **DEFENDANT CHEMONT and DEFENDANT KRIGGER** was subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988. Acting under the color of law, **DEFENDANT CHEMONT and DEFENDANT KRIGGER** worked a denial of **PLAINTIFF'** rights, privileges or immunities secured by the Constitution for the United States of America and/or by Federal law, to wit, Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997); McNamara v. Honeyman, 406 Mass. 43, 52 (1989).

(a) by depriving **PLAINTIFF**, Warinu Kapa of his liberty without due process of law, by taking **PLAINTIFF** into custody and holding him there against his will, County of Sacramento v. Lewis. 523 U.S. 833 (1998); Youngberg v. Romeo, 457 U.S. 307, 315 (1982); Williams v. Hartman, 413 Mass, 398, 403 (1992).

(b) by making an unreasonable search and seizure of PLAINTIFF' property without Probable Cause or due process of law, to perpetuate enrichment for **DEFENDANTS ET AL**, by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny **PLAINTIFF** equal protection of laws, further, by refusing or neglecting to prevent such deprivations and denials to **PLAINTIFF**.

## VIOLATIONS
## (DEFENDANT KRIGGER)

5

WARINU KAPA TORT FOR DAMAGES

**PLAINTIFF** restates as affirmative, that on May 15, 2020, at approximately 1:30 pm, **PLAINTIFF** Warinu Kapa ex rel Terrance A. Martin, III was traveling west bound on Veterans Drive. As **PLAINTIFF** passed the Alexander Farrelly Criminal Justice Complex, **PLAINTIFF'** motor bike hit a pile of rocks in the roadway casing the motor bike to skid and **PLAINTIFF** fell onto the road. **PLAINTIFF** immediately got up and pushed the bike onto the parking lot across from the Alexander Farrelly Criminal Justice Complex and parked it next to a light pole and began to walk to the near destination. As **PLAINTIFF** began jogging across the parking lot, someone yelled "Stop", and **PLAINTIFF** continued across the parking lot. **PLAINTIFF** then heard police sirens and continued to jog towards the direction of tribal office. Approximately five minutes later, **PLAINTIFF** was converged upon by VIPOs and was searched and subsequently arrested and charged with possession of a firearm. After **PLAINTIFF** was released on BOND, **PLAINTIFF** gained access to the Fraudulent Arrest Affidavit filed by **(DEFENDANT CHEMONT)** and approved by supervisor **(DEFENDANT KRIGGER)**, which reflected the false and fraudulent information filed by **(DEFENDANT CHEMONT)** and attested to by **(DEFENDANT KRIGGER)**, Badge # 1058.

PLAINTIFF brings claim against **(DEFENDANT KRIGGER)** for Violation of 42 U.S.C. 1983: Conspiracy, (2) malicious prosecution, (3) malicious abuse of process, (4) intimidation, (5) Conspiracy to commit kidnapping, (6) Intentional infliction of emotional distress, (7) forced oppression, (8) forced identity under threat of imprisonment, (9) Identity theft and prosecution under apartheid conditions, (10) unlawful arrest / false arrest, (11) illegal detention, (12) Official Oppression, (13) Making False Official Report, (14) Fraud to facilitate Kidnapping, (15) Perjury, (16) Aggravated Perjury, (17) Subornation of Perjury and (18) Aggravated Trespass.

**PLAINTIFF** declares that at all times relevant herein, the conduct of **(DEFENDANT KRIGGER)** was subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988. Acting under the color of law, **(DEFENDANT CHEMONT)** and her supervisor **(DEFENDANT KRIGGER)** worked a denial of **PLAINTIFF'** rights, privileges or immunities secured by the Constitution for the United States of America and/or by Federal law, to wit, Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997); McNamara v. Honeyman, 406 Mass. 43, 52 (1989).
(a) by depriving **PLAINTIFF**, Warinu Kapa of his liberty without due process of law, by taking **PLAINTIFF** into custody and holding him there against his will, County of Sacramento v. Lewis. 523

U.S. 833 (1998); Youngberg v. Romeo, 457 U.S. 307, 315 (1982); Williams v. Hartman, 413 Mass, 398, 403 (1992).

(b) by making an unreasonable search and seizure of PLAINTIFF' property without Probable Cause or due process of law, to perpetuate enrichment for **DEFENDANTS ET AL,** by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny **PLAINTIFF** equal protection of laws, further, by refusing or neglecting to prevent such deprivations and denials to **PLAINTIFF**. See, e.g., Meacham, 82 F.3d at 1562 (analyzing the Fourth Amendment malicious prosecution claim "that the affidavit prepared ... in support of the arrest warrant contained deliberately false statements and omissions, thereby misleading the judge into issuing the arrest warrant"). Because a person unlawfully arrested without legal process can bring a Fourth Amendment claim sounding in false imprisonment, Wallace, 127 S. Ct. at 1095, the malicious prosecution framework in a sense allows a second Fourth Amendment claim to come on the heels of the first one. Mondragon, 519 F.3d at 1083 n.4 (noting, in a case dealing with a forged arrest warrant.

## VIOLATIONS
## (DEFENDANT VELINOR)

**PLAINTIFF** restates as affirmative, that on May 15, 2020, at approximately 1:30 pm, **PLAINTIFF** Warinu Kapa ex rel Terrance A. Martin, III was traveling west bound on Veterans Drive. As **PLAINTIFF** passed the Alexander Farrelly Criminal Justice Complex, **PLAINTIFF'** motor bike hit a pile of rocks in the roadway casing the motor bike to skid and **PLAINTIFF** fell onto the road. **PLAINTIFF** immediately got up and pushed the bike onto the parking lot across from the Alexander Farrelly Criminal Justice Complex and parked it next to a light pole and began to walk to the near destination. As **PLAINTIFF** began jogging across the parking lot, someone yelled "Stop", and **PLAINTIFF** continued across the parking lot. **PLAINTIFF** then heard police sirens and continued to jog towards the direction of tribal office. Approximately five minutes later, **PLAINTIFF** was converged upon by VIPOs and was searched and subsequently arrested and charged with possession of a firearm. After **PLAINTIFF** was released on BOND, **PLAINTIFF** gained access to the Fraudulent Arrest Affidavit filed by **(DEFENDANT CHEMONT)** and approved by supervisor **(DEFENDANT KRIGGER)**, which reflected the false and fraudulent information filed by **(DEFENDANT CHEMONT)** and attested to by **(DEFENDANT KRIGGER)**, Badge # 1058.

7

WARINU KAPA TORT FOR DAMAGES

PLAINTIFF brings tort claim against **(DEFENDANT VELINOR)** who is responsible for the training and policy procedure to be followed by all **VIPO** and employees, **(DEFENDANT VELINOR)** was at all times during the offense responsible for the actions of **(DEFENDANT CHEMONT)** and **(DEFENDANT KRIGGER)** and is sued for Violation of 42 U.S.C. 1983: Conspiracy, (2) malicious prosecution, (3) malicious abuse of process, (4) intimidation, (5) Conspiracy to commit kidnapping. (6) Intentional infliction of emotional distress, (7) forced oppression, (8) forced identity under threat of imprisonment, (9) Identity theft and prosecution under apartheid conditions, (10) unlawful arrest / false arrest, (11) illegal detention, (12) Official Oppression, (13) Making False Official Report, (14) Fraud to facilitate Kidnapping, (15) Perjury, (16) Aggravated Perjury, (17) Subornation of Perjury and (18) Aggravated Trespass.

PLAINTIFF declares that at all times relevant herein, the conduct of **(DEFENDANT KRIGGER)** was subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988. Acting under the color of law, **(DEFENDANT CHEMONT)** and her supervisor **(DEFENDANT KRIGGER)** worked a denial of **PLAINTIFF'** rights, privileges or immunities secured by the Constitution for the United States of America and/or by Federal law, to wit, Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997); McNamara v. Honeyman, 406 Mass. 43, 52 (1989).

(a) by depriving **PLAINTIFF**, Warinu Kapa of his liberty without due process of law, by taking **PLAINTIFF** into custody and holding him there against his will, County of Sacramento v. Lewis. 523 U.S. 833 (1998); Youngberg v. Romeo, 457 U.S. 307, 315 (1982); Williams v. Hartman, 413 Mass, 398, 403 (1992).

(b) by making an unreasonable search and seizure of PLAINTIFF' property without Probable Cause or due process of law, to perpetuate enrichment for **DEFENDANTS ET AL**, by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny **PLAINTIFF** equal protection of laws, further, by refusing or neglecting to prevent such deprivations and denials to **PLAINTIFF**. See, e.g., Meacham, 82 F.3d at 1562 (analyzing the Fourth Amendment malicious prosecution claim "that the affidavit prepared ... in support of the arrest warrant contained deliberately false statements and omissions, thereby misleading the judge into issuing the arrest warrant"). Because a person unlawfully arrested without legal process can bring a Fourth Amendment claim sounding in false imprisonment, Wallace, 127 S. Ct. at 1095, the malicious prosecution framework in a sense allows a second Fourth Amendment claim to come on the heels of the first one. Mondragon, 519 F.3d at 1083 n.4 (noting, in a case dealing with a forged arrest warrant.

## VIOLATIONS
## (DEFENDANT BRYAN)

**PLAINTIFF** restates as affirmative, that on May 15, 2020, at approximately 1:30 pm, **PLAINTIFF** Warinu Kapa ex rel Terrance A. Martin, III was traveling west bound on Veterans Drive. As **PLAINTIFF** passed the Alexander Farrelly Criminal Justice Complex, **PLAINTIFF'** motor bike hit a pile of rocks in the roadway casing the motor bike to skid and **PLAINTIFF** fell onto the road. **PLAINTIFF** immediately got up and pushed the bike onto the parking lot across from the Alexander Farrelly Criminal Justice Complex and parked it next to a light pole and began to walk to the near destination. As **PLAINTIFF** began jogging across the parking lot, someone yelled "Stop", and **PLAINTIFF** continued across the parking lot. **PLAINTIFF** then heard police sirens and continued to jog towards the direction of tribal office. Approximately five minutes later, **PLAINTIFF** was converged upon by VIPOs and was searched and subsequently arrested and charged with possession of a firearm. After **PLAINTIFF** was released on BOND, **PLAINTIFF** gained access to the Fraudulent Arrest Affidavit filed by **(DEFENDANT CHEMONT)** and approved by supervisor **(DEFENDANT KRIGGER)**, which reflected the false and fraudulent information filed by **(DEFENDANT CHEMONT)** and attested to by **(DEFENDANT KRIGGER)**.

**PLAINTIFF** brings tort claim against **(DEFENDANT BRYAN)** and the **(DEFENDANT VIRGIN ISLANDS OF THE UNITED STATES)** who is responsible for the training and policy procedure to be followed by all agencies in the Virgin Islands territory, and **PLAINTIFF** claims violation of Alien Tort Statute, Apartheid, Official Negligence. The Committee on the Elimination of Racial Discrimination (CERD) has reinforced this holding in 2005, finding that New Zealand discriminated against indigenous Maori Hapu peoples by extinguishing the possibility of establishing customary titles and failing to guarantee a right of redress for the wrongs. International Convention on the Elimination of All Forms of Racial Discrimination (ICERD) and the International Convention on the Suppression and Punishment of the Crime of Apartheid (Apartheid Convention). **PLAINTIFF** also claims (1) Violation of 42 U.S.C. 1983: Conspiracy, (2) malicious prosecution, (3) malicious abuse of process, (4) intimidation, (5) Conspiracy to commit kidnapping, (6) Intentional infliction of emotional distress, (7) forced oppression, (8) forced identity under threat of imprisonment, (9) Identity theft and prosecution under apartheid intimidation tactics and psychological conditions. At all times relevant herein, the conduct of **(DEFENDANT BRYAN)** and the **(DEFENDANT**

9

WARINU KAPA TORT FOR DAMAGES

**VIRGIN ISLANDS OF THE UNITED STATES)** were and are subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988. Acting under the color of law, **DFENDANTS ET AL** worked a denial of **PLAINTIFF's** rights, privileges or immunities secured by the Constitution for the United States of America and/or by Federal law, to wit, Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997); McNamara v. Honeyman, 406 Mass. 43, 52 (1989).

**PLAINTIFF** further states that, on or about January 2020, **PLAINTIFF** and other tribal families of the Virgin Islands sent official request to **(DEFENDANT BRYAN)** to discuss tribal matters and provide protections by instructing the agencies of the **VIRGIN ISLANDS of the UNITED STATES** concerning the rights of indigenous inhabitants, but all requests have gone unanswered. Because of the negligence in addressing the human rights concerns, **(DEFENDANT BRYAN)** violated and continues to violate the human rights of the indigenous Arawak people of the Virgin Islands territory, forcing assimilation of identity as citizens and forced jurisdiction barring the rights of indigenous people, led to and aided in the intimidation and false arrest of **PLAINTIFF**.

**PLAINTIFF** states that the effects of continued "Environmental Racism" against the indigenous people of the **VIRGIN ISLANDS OF THE UNITED STATES** is perpetuated by **(DEFENDANT BRYAN)** and **DEFENDANTS ET AL,** by the continuous acts of rights suppression and the denial of tribal rights protected under federal law and international law, PLAINTIFF has no other recourse or means for redress outside of addressing this court.

## Relief

PLAINTIFF seek immediate remedy under Article III tort for the aforementioned violations of the Constitution for the United States of America, demanding judgment for the false arrest against all the Defendants et al jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendant, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable. "Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to PLAINTIFF's federally protected rights). Smith v. Wade, 461 U.S. 30, 50-51 ((1983); Clark v. Taylor, 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at

WARINU KAPA TORT FOR DAMAGES

355. As a direct and proximate result of the conduct of the DEFENDANTS, PLAINTIFF suffered harm and damages including but not limited to the aforesaid damages.

WHEREFORE, PLAINTIFF demands judgment against all DEFENDANTS, including insurance holders and BOND holders for injunctive relief and actual, special, compensatory damages, attorneys' fees and costs of the litigation in an amount not less than ten million dollars ($10,000,000) deemed at time of trial to be just, fair, and appropriate.

| VERIFIED COMPLAINT JURY TRIAL DEMANDED |
|---|

*Warinu Kapa*

**Warinu Kapa**
**Maipuri Arauan Nation**
**1813 8th Street**
**St Thomas, VI 00802-2678**
**Email: fess2022@yahoo.com**
**Contact Number 340 643-2864**
**PLAINTIFF**

STATE OF VIRGIN ISLANDS    }
TERRITORY ST THOMAS        }

VERIFICATION

I, Warinu Kapa, verify that I have developed and submitted the allegations contained in the Complaint, that I have personal knowledge of the facts, and that the facts stated in the Verified Complaint are true, except those facts alleged upon information and belief, as to those facts, believe they are true. Attesting before the state Notary representatives is required by the United States and is accepted with explicit rights reserved, due to lack of diversity applications available for indigenous people of America, June 21, 2021.

_____
Notary Public
My Commission Expires:                    NOTARY SEAL

NOTARY PUBLIC
Name: LaVerne Sl..c'.
Commission Exp. March 6, 202_
Notary Public NP 196-19

WARINU KAPA St Thomas / St John District
TORT FOR DAMAGES

11